IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. ADAMS, | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO.  26-686 |
| | : | |
| THOMAS MCGINLEY, *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                      **April 14, 2026**

Robert L. Adams, a prisoner incarcerated at SCI Coal Township, filed this civil rights action naming as defendants the Superintendent of SCI Coal Township; the Governor, Attorney General and "Court Administrator" of Pennsylvania; the President Judge, Clerk of Court, District Attorney's Office, Public Defenders Office, "City Counselman," "County Commissioner," and "Court Administrator" of Bucks County; the "Bristol Borough Police Department;" and several attorneys.  We previously granted Mr. Adams leave to proceed *in forma pauperis*.  DI 9.  For the following reasons, the complaint will be dismissed.

## I.      FACTUAL ALLEGATIONS[1]

Stated briefly, Mr. Adams asserts that he has been (1) unlawfully searched, detained, arrested, and kidnapped by Bucks County officials; (2) robbed; (3) physically abused: (4) falsely imprisoned; (5) the victim of evidence that was "altered and planted" by the Commonwealth,

---

[1] The factual allegations are taken from Mr. Adams's complaint and the attached materials (DI 2, 2-1, 2-2), to which we adopt the sequential pagination assigned by the CM/ECF docketing system.  We deem the entire submission to constitute the complaint.  Where we quote from the complaint, punctuation, spelling, and capitalization errors may be cleaned up as needed. We may consider matters of public record when conducting a screening under § 1915.  *See e.g., Medina v. Allentown Police Dep't,* 2023 WL 7381461, at *2 (3d Cir. Nov. 8, 2023) (per curiam) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

Bucks County officials, and the Bristol Borough police; (6) subjected to perjured testimony given by Bucks County prison officials; (7) denied effective assistance of counsel; (8) suffered violations of "each and every last one of his Constitutional rights" committed by all defendants. DI 2 at 3, 10-11.  He alleges that Bucks County never had jurisdiction over him, and that the defendants engaged in the unauthorized practice of law and conspired to convict an innocent man.  *Id*. at 11.  Mr. Adams claims that there is newly discovered evidence in his criminal case, *Commonwealth v. Adams*, CP-09-CR-0000796-2001 (C.P. Bucks), showing that there was no arrest warrant contained in the record because the issue date and return date of the warrant are not noted on the docket, and that the issuing authority in his case failed to maintain a docket in which to record the proceedings.  *Id*. at 11-12.  Because of this, Mr. Adams asserts that he has been "illegal[ly] locked up for 25 years without an affidavit of probable cause."  *Id.* at 11.  He also asserts claims for, *inter alia*, intentional infliction of emotional distress, invasion of privacy, unlawful arrest, perjured testimony, defamation, fundamental errors in his criminal proceedings, ineffective assistance of counsel, deliberate indifference and cruel and unusual punishment,[2] unlawful restraint, due process, equal protection, unauthorized practice of law, legal malpractice, fraud on the court, negligence, trespass, theft, and forgery.  *Id*. at 3, 6, 10-11; *see also* DI 2-1 at 49-50.  As relief, he seeks immediate release from custody, the expungement of his criminal record, and money damages.  DI 2 at 5-6.

---

[2] While Mr. Adams uses the phrases "deliberate indifference," "excessive force," and "cruel and unusual punishment" found in the Eighth Amendment, he does not raise any claims concerning the conditions of his confinement.  These kinds of passing references to legal provisions are insufficient to bring a plausible claim before the court.  *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (citation modified) (citation omitted).

Included with Mr. Adams's complaint are (1) a copy of a state habeas petition signed on January 28, 2026, that he filed with the Bucks County Court of Common Pleas asserting the same issues raised here (DI 2-1 at 1-48); (2) letters from the Bucks County Clerk of Courts concerning his requests for copies of docket sheets from his criminal cases and acknowledging receipt of motions filed in his criminal cases (*id.* at 55-58); (3) letter correspondence from his attorney, Neils C. Eriksen, Esquire, concerning a criminal case (*id.* at 60-63); (4) the docket sheets from his criminal cases in the Court of Common Pleas (DI 2-2 at 3-106) and the Pennsylvania Superior Court (*id*. at 108-122); and (5) a memorandum issued by the undersigned on November 13, 2025, in Civil Action No. 23-2142 with respect to Mr. Adams's civil rights claims based on his conditions of confinement at Bucks County Correctional Facility, (*id.* at 124-163).

Mr. Adams's state habeas petition refers to three criminal cases arising out of Bucks County, *Commonwealth v. Adams*, CP-09-0000796-2001, CP-09-CR-0000575-2023, and CP-09-CR-0001352-2023 (C.P. Bucks).  DI 2-1 at 4.  Mr. Adams has also filed a petition pursuant to 28 U.S.C. § 2254 regarding his conviction in CP-09-CR-0000796-2001 (Bucks C.P.), which is currently pending before Judge Joshua D. Wolson.[3]  *See Adams v. McGinley*, Civil Action No. 25-1921.  The pleadings from that case reveal that on May 10, 2001, Mr. Adams was convicted of four counts each of robbery and recklessly endangering another person, as well as one count each of burglary, possessing an instrument of crime, carrying a firearm without a license, and theft by unlawful taking.  *See* Civ. A. No. 25-1921, DI 8 at 1.  On June 29, 2001, Mr. Adams was sentenced to an aggregate sentence of ten to twenty years' imprisonment on the first two counts

---

[3] On May 8, 2025, Mr. Adams's case was referred to the United States Magistrate Judge Craig M. Straw, for a Report and Recommendation.  *See* Civ. No. 25-1921, DI 6.

of robbery, a concurrent sentence of five to ten years on the remaining two counts of robbery and one count of burglary, and a consecutive probation sentence of seven years on the single count of carrying a firearm without a license. *Id.* at 1-2. Mr. Adams filed a direct appeal, and the Pennsylvania Superior Court affirmed the judgment of sentence on September 9, 2002. *Id.* at 2; *see also Commonwealth v. Adams*, 813 A.2d 898 (Pa. Super. Ct. 2002). The Pennsylvania Supreme Court denied Mr. Adam's petition for allowance of appeal on April 22, 2003. *Commonwealth v. Adams*, 820 A.2d 702 (Pa. 2003). This conviction remains intact.

With respect to Mr. Adams's more recent criminal cases, public records indicate that following a non-jury trial, Mr. Adams was convicted of aggravated assault, simple assault, and other related offenses because of an altercation he initiated against two correctional officers at the Bucks County Correctional Facility. *See Commonwealth v. Adams*, 339 A.3d 421 (Pa. Super. Ct. 2025), CP-09-CR-0000575-2023 (C.P. Bucks) ("575 CR 2023"), CP-09-CR-0001352-2023 (C.P. Bucks) ("1352 CR 2023"). On September 26, 2023, Mr. Adams was sentenced to 48 to 120 months in 575 CR 2023 and 12 to 24 months in 1352 CR 2023, to run concurrent with the sentence imposed in 575 CR 2023. *Id.* The Superior Court of Pennsylvania affirmed the judgment of sentence on April 21, 2025, and these convictions also remain intact. *Id.*

## II.    STANDARD OF REVIEW

Because Mr. Adams was granted leave to proceed *in forma pauperis*,[4] 28 U.S.C. § 1915(e)(2)(B)(ii) requires us to dismiss his complaint if it fails to state a claim. *Id.* Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Parkell v.*

---

[4] As Mr. Adams is a prisoner, he still must pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

*Markell*, 622 Fed. Appx. 136, 138 (3d Cir. 1999) (citation omitted), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified) (citation omitted).  Conclusory allegations do not suffice.  *Id.*  And though we shall liberally construe Mr. Adams's allegations because he is *pro se*, he still must allege sufficient facts to support his claims.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted); *Doe v. Allegheny Cnty. Hous. Auth.*, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (per curiam) ("While a court must liberally construe the allegations and apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (citation modified) (citation omitted).

We also must dismiss the complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).  "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (citation modified) (citation omitted).

## III.    DISCUSSION

### A.    Federal Law Claims

Mr. Adams asserts constitutional claims.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Mr. Adams's § 1983 claims seeking immediate release from custody, however labeled, are not plausible.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action) (citation omitted).  Under *Preiser*, "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Accordingly, Mr. Adams's claims seeking release from confinement, which are not brought via a habeas corpus petition, are dismissed.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

6

Neither can any claim seeking money damages proceed.  A corollary of the *Preiser* principle is that a § 1983 plaintiff may not recover money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis omitted).  "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Heck*, 512 U.S. at 487 (emphasis in original).

Thus, Mr. Adams's claims for relief that are variously labeled as false imprisonment or unlawful restraint based on his convictions, perjured testimony,[5] fabricated evidence,[6] and fundamental errors in his criminal proceedings,[7] would all, if successful, render his convictions

---

[5] *See Buxton v. Dougherty*, 686 F. App'x 125, 127 (3d Cir. 2017) (stating that a judgment in plaintiff's favor on damages claims that defendants presented perjured testimony at preliminary hearing "would necessarily imply the invalidity of his conviction" (citation omitted); *Smith v. Delaware*, 624 F. App'x 788, 790 (3d Cir. 2015) (per curiam) (ruling that a civil rights claim asserting "that [a] conviction was based on perjured testimony" is precluded by *Heck*).

[6] *See McDonough v. Smith*, 588 U.S. 109, 118 (2019) (stating that *Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment").

[7] *See, e.g., White v. Tennessee*, 2014 WL 3908203, at *4 (E.D. Tenn. Aug. 11, 2014) (concluding that *Heck* bars claims of "miscarriage of justice").

7

invalid since they are core habeas claims barred by *Heck* and do not accrue unless and until his conviction is overturned or otherwise declared invalid.  His claim of a due process violation also falls within that category.  *Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997) (holding that any claim for money damages for an alleged due process violation that implies the invalidity of punishment is not cognizable under § 1983).  As does his claim of ineffective assistance of counsel.  *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (per curiam) ("The portions of Davis's complaint that . . . charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely within *Preiser* and cannot be brought under § 1983"); *Telepo v. Martin*, 359 F. App'x 278, 280 (3d Cir. 2009) (per curiam) (claims were not cognizable under § 1983 when they were "based on alleged violations of [plaintiff's] Sixth Amendment right to assistance of counsel during the sentencing phase of his criminal trial") (citations omitted).  Accordingly, none of Mr. Adams's constitutional claims for money damages can proceed at this time.[8]

---

[8] Although unclear, to the extent that Mr. Adams asserts a claim of false arrest without a warrant, those claims would be time-barred.  Section 1983 claims are subject to the state statute of limitations for personal injury actions.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Pennsylvania, that limitations period is two years.  *See* 42 Pa. Cons. Stat. § 5524.  Claims of false arrest and related false imprisonment without a warrant, accrue at the time the litigant became detained pursuant to legal process.  *See Wallace*, 549 U.S. at 397 ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.")

With respect to his 2001 criminal case, the state court dockets indicate that Mr. Adams was arrested on December 26, 2000, and an information was filed on March 8, 2001.  *See Adams*, CP-09-0000796-2001 (C.P. Bucks).  With respect to CP-09-CR-0000575-2023, an information was filed on March 3, 2023, and Mr. Adams was formally arraigned on March 8, 2023.  With respect to CP-09-CR-0001352-2023, an information was filed, and Mr. Adams was arraigned, on April 14, 2023.  According to the date of signature on his complaint, Mr. Adams initiated this civil action on January 28, 2026, more than two years and eight months after his claims accrued with respect to his most recent criminal case.

**B.      State Law Claims**

Mr. Adams also asserts claims for intentional infliction of emotional distress, assault, robbery, kidnapping, theft, defamation, unauthorized practice of law, legal malpractice, fraud on the court, and forgery.  Having dismissed Mr. Adams's federal claims, we will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a)(1), which grants us jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  *Id.*

Section 1332(a) requires "complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required" such that "unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Benefit Life Co.*, 800 F.3d at 104 (citation modified) (citations and footnotes omitted). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972).

Mr. Adams does not allege the citizenship of the parties.  Rather, he provides only the addresses of SCI Coal Township for himself,[9] and he is suing Pennsylvania officials, which suggests that diversity is lacking.  Accordingly, he has not sufficiently alleged that the parties are

---

[9] Mr. Adams does not provide addresses for any of the defendants.

diverse for purposes of establishing our jurisdiction over any state law claims he intends to pursue.

## IV.    CONCLUSION

For the reasons stated, Mr. Adams's complaint is dismissed.  All federal law claims are dismissed without prejudice because they are barred by *Heck*.  All state law claims are dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate order will be entered dismissing the case with no leave to amend granted.  Should Mr. Adams's convictions be overturned or otherwise called into question, he must file a new civil action at that time to raise his claims.